**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **SAM CHAN,** | |
| **Petitioner,** | **CIV 11-00166 PHX PGR (MEA)** |
| **v.** | **REPORT AND RECOMMENDATION** |
| **KATRINA KANE,** | |
| **Respondent.** | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Mr. Sam Chan ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 25, 2011. Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus ("Response") (Doc. 8) on April 4, 2011. Petitioner filed a reply to the response on April 29, 2011. See Doc. 9. At the time Petitioner filed this action and his reply to the response to his petition he was confined in the Pinal County Jail.

**I  Background**

Petitioner is a native and citizen of Cambodia. In 1981 Petitioner was paroled into the United States as a refugee by the former Immigration and Naturalization Service (INS). Response, Exh. 1. In May of 1984 the INS adjusted Petitioner's status to that of a lawful permanent resident, pursuant to Section 209(a) of the Immigration and Naturalization Act (INA). Id., Exh. 1.

On October 22, 1996, the Municipal Court of California, Monteca County, convicted Petitioner of burglary, a felony, and sentenced him to 180 days incarceration. Id., Exh. 2. On April 25, 2001, the Superior Court of California, Stockton County, convicted Petitioner of theft, a felony, and sentenced him to ninety days incarceration. Id., Exh. 3. On April 25, 2001, the Superior Court of California, Stockton County, convicted Petitioner of battery, a felony, and sentenced him to three years of probation. Id., Exh. 4.

On November 13, 2001, the government issued a Notice to Appear (NTA), charging Petitioner as removable pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The NTA also charged Petitioner was removable pursuant to section 237(a)(2)(E)(i) of the INA, codified at 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who at any time after admission had been convicted of a crime of domestic violence. Id., Exh. 5.

On November 13, 2001, Petitioner was taken into the government's custody and held without bond. Id., Exh. 6. Petitioner requested a custody re-determination hearing. On November 29, 2001, the IJ held a hearing and denied a change in custody. Petitioner reserved his right to file an appeal, but failed to file one. Id., Exh. 7. On January 30, 2002, the IJ granted Petitioner's application for cancellation of removal under section 240A(a) of the INA. Petitioner and the government waived appeal. Id., Exh. 8.

On February 21, 2007, the Superior Court of California, Stockton County, convicted Petitioner of misdemeanor possession of methamphetamine and sentenced him to three years probation. Id., Exh. 9.

On March 25, 2010, the government issued a second NTA charging Petitioner as removable pursuant to section 237(a)(2)(B)(i) of the INA, codified at 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who had been convicted of a violation of (or a conspiracy or an attempt to violate) any state law or regulation relating to a controlled substance. Id., Exh. 10. On March 25, 2010, the government took Petitioner into custody and held him without the opportunity for bond. Id., Exh. 11.

On May 5, 2010, an IJ ordered Petitioner removed to Cambodia. Petitioner and the government waived appeal. Id., Exh. 12.

On November 9, 2010, the government served Petitioner with a Decision to Continue Detention. Id., Exh. 13. On May 14, 2010, the government sent a travel document request to the

Royal Embassy of Cambodia, in order to effect Petitioner's removal from the United States. Id., Exh. 14. On September 16, 2010, the Cambodian government interviewed Petitioner. Id., Exh. 14. Respondents aver Petitioner is on the Cambodian approved travel document list and his travel document will be forthcoming. Id., Exh. 14.

Petitioner has been detained since March 25, 2010, approximately one year and two months. Petitioner's order of removal became final May 5, 2011, approximately one year ago. In the section 2241 petition Petitioner asserts that his continued detention pending his removal to Cambodia, for a time period beyond the statutory "removal period," violates his constitutional rights pursuant to the United States Supreme Court's opinion in Zadvydas v. Davis. Petitioner avers he has cooperated with efforts to remove him to Cambodia.

**II Analysis**

The Court may issue a writ of habeas corpus to a Department of Homeland Security detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2006 & Supp. 2010).

Federal law provides for the detention of removable aliens in two separate circumstances. Section 236(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226, governs the detention of aliens who are not under an administratively final order of removal. Section 231 of the INA, codified at 8 U.S.C. § 1231, governs the detention of aliens whose order of removal is administratively final.

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. See id. 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Under section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period. See id. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." 533 U.S. at 682. The petitioners in Zadvydas could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." Id. at 691. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." Id. at 689-97. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. Id. at 701. After this six-month period, an alien is eligible for

conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The burden then shifts to the government to respond with sufficient evidence to rebut that showing. Id. The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Because Petitioner waived appeal of the IJ's order of May 5, 2010, ordering him removed from the United States to Cambodia, the order of removal became administratively final on that day. See 8 U.S.C. § 1101(47)(B)(ii); 8 C.F.R. § 1241.1(b). The ninety-day "removal period", therefore, began on May 5, 2010, the date his removal order became administratively final, and ended on or about August 5, 2010. See 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins...[t]he date the order of removal becomes administratively final").

Thus, the presumptively reasonable six-month post-removal-period of detention expired on or about February 3, 2011. Petitioner has now been detained for approximately three months beyond the time established by the Supreme Court as presumptively reasonable and the issue has become whether there is no significant likelihood of removal in the reasonably foreseeable future.

The burden of showing that there is no significant likelihood that a habeas petitioner will be removed in the reasonably foreseeable future rests with the petitioner seeking

relief. See Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003). If the petitioner meets his burden, the government must then introduce evidence to refute that assertion. See id.; Lin Guo Xi v. INS, 298 F.3d 832, 839-40 (9th Cir. 2002). A petitioner may make such a showing by establishing that there is an "institutional barrier" to his repatriation, i.e., that the country of removal does not have an agreement with the United States to accept repatriation of its nationals. See Kim Ho Ma v. Ashcroft, 257 F.3d 1095, 1115 (9th Cir. 2001) (concluding that, because the United States had no functioning repatriation agreement with Cambodia, the designated country of removal, and because the Cambodian government did not accept the return of its nationals from the United States, there was no reasonable likelihood that the INS would be able to accomplish the petitioner's removal in the reasonably foreseeable future); Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002). Petitioner must demonstrate that "the circumstances of his status" or the existence of "particular barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. Fahim, 227 F. Supp. 2d at 1366.

In reply to the response to his habeas petition, Petitioner states that the "Royal Embassy of Cambodia has recently informed Petitioner that it is 'not authorized to issue a new Cambodian passport and other travel document concerned.'" Doc. 9 at 3. Petitioner argues that, because he was placed on the "approved travel document list" at the latest on October 28, 2010, his removal is per se not reasonably foreseeable because

over six months have passed since this event occurred. Petitioner contends that, notwithstanding the information received by Respondent from the Cambodian government, Cambodia has told Petitioner that it will not issue him a "new" Cambodian passport. Petitioner argues that, because the Cambodian government has refused to issue him travel documents, he has established evidence "sufficient for a showing of good reason as to why his removal is not likely in the reasonably foreseeable future." Id. at 5.

Petitioner has not established that his particular circumstances make it unlikely that he will be removed in the reasonably foreseeable future. Neither has Petitioner established that there are particular barriers to his repatriation, such as the lack of a state government to repatriate him, as is the case in Somalia, or that there is no governmental cooperation with Cambodia with regard to the repatriation of its citizens. Compare Thai v. Ashcroft, 366 F.3d 790 (9th Cir. 2004) (granting Zadvydas claim based on lack of a repatriation agreement with Vietnam).[1]

**IT IS THEREFORE RECOMMENDED** that Mr. Chan's Petition for Writ of Habeas Corpus be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

---

[1] In 2002, Cambodia signed a repatriation agreement to accept deportees from the United States.

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of May, 2011.

Mark E. Aspey
United States Magistrate Judge